

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. PD-0145-21**

**EX PARTE LYLA ORDONEZ, Appellant**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

*Per curiam.*

**O P I N I O N**

Appellant was charged with harassment via electronic communications. See TEX.
PENAL CODE § 42.07(a)(7). She filed a pre-trial habeas writ application arguing the electronic

harassment statute is facially unconstitutional. The trial court denied relief. She appealed, and the

Court of Appeals held the statute to be unconstitutionally overbroad. *Ex parte Ordonez*, No.

14-19-01005-CR (Tex. App. – Houston [14th] Jan. 26, 2021, pet. filed).

The State filed a petition for discretionary review arguing that Appellant failed to meet

her burden to show the statute is unconstitutionally overbroad and the Court of Appeals erred

in finding the statute unconstitutional. In *Ex parte Barton*, No. PD-1123-19, 2022 WL 1021061 (Tex. Crim. App. Apr. 6, 2022), and *Ex parte Sanders*, No. PD-0469-19, 2022 WL 1021055 (Tex. Crim. App. Apr. 6, 2022), we held a previous version of the statute, first adopted in 2001, constitutional on its face. *See* Acts 2001, 77th Leg., ch. 1222 (S.B. 139), § 1, eff. Sept. 1, 2001. Appellant's case is governed by the 2017 version of the electronic harassment statute. *See* Acts 2017, 85th Leg., ch. 522 (S.B. 179), §§ 13, 14, eff. Sept. 1, 2017.

The Court of Appeals in the instant case did not have the benefit of our decisions in *Ex parte Barton* and *Ex parte Sanders*. Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for further consideration in light of *Ex parte Barton* and *Ex parte Sanders*.

DELIVERED November 2, 2022

DO NOT PUBLISH